Filed 12/4/23  In re Kalley A. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re KALLEY A. et al., A Persons Coming Under the Juvenile Court Law. | B319624 <br><br> (Los Angeles County Super. Ct. No. 21CCJP05671A-B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br>       Plaintiff and Respondent, <br><br>   v. <br><br> HELENA J., <br><br>       Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Hernan D. Vera, Judge.  Affirmed.

Liana Serobian, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and O. Raquel Ramirez, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

Helena J., mother of minor Kalley A., appeals from the juvenile court's March 14, 2022 jurisdiction findings and April 14, 2022 disposition order.  These orders declared her daughter Kalley (born November 2009) a dependent child of the court, removed her from Helena, placed her with father Cedric A., terminated jurisdiction, and granted sole physical custody to Cedric with joint legal custody to both parents with monitored visits by Helena.  Helena also appeals from the juvenile court's March 14, 2022 jurisdiction findings and disposition order entered the same day declaring her younger daughter Kalena K. (born January 2018) a dependent child of the court, removing her from Helena, and placing her with father Dushawnte S., with monitored visits by Helena.  While this appeal was pending, the juvenile court overseeing Kalena's case terminated jurisdiction as to Kalena, awarded primary physical custody of Kalena to Helena, and joint legal custody to both parents.

We affirm the jurisdiction findings, disposition order, and custody order as to Kalley, but we dismiss the appeal from the jurisdiction findings and disposition order as to Kalena as moot.

2

# DISCUSSION

A.  *Standard of Review*

"On appeal, the 'substantial evidence' test is the appropriate standard of review for both the jurisdictional and dispositional findings.  [Citations.]  The term 'substantial evidence' means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion; it is evidence which is reasonable in nature, credible, and of solid value."  (*In re J.K.* (2009) 174 Cal.App.4th 1426, 1433.) "We review factual findings in the light most favorable to the juvenile court's order." (*In re H.B.* (2008) 161 Cal.App.4th 115, 119.)  Accordingly, "all conflicts are to be resolved in favor of the prevailing party, and issues of fact and credibility are questions for the trier of fact. [Citation.]  In dependency proceedings, a trial court's determination will not be disturbed unless it exceeds the bounds of reason."  (*In re Ricardo L.* (2003) 109 Cal.App.4th 552, 564.)

B.  *Jurisdiction Findings as to Kalley*

On March 14, 2022 the juvenile court sustained counts a-1 (physical abuse as to Kalley), a-2 (physical abuse as to Kalena), b-3 (drug and alcohol abuse), and b-4 of the petition (driving while intoxicated) under Welfare and Institutions Code former section 300, subdivisions (a) and (b)(1).[1]  Helena contends we should reverse all the sustained counts "for lack of substantial evidence of causation or any risk of physical harm to" Kalley, and

---

[1]     Further undesignated statutory references are to the Welfare and Institutions Code.

3

that we should thus void the disposition orders.[2] (See *In re Jesus M.* (2015) 235 Cal.App.4th 104, 114 ["In the absence of jurisdiction, the court had no authority to issue a dispositional order or the family law custody order."]; *In re R.M.* (2009) 175 Cal.App.4th 986, 991 ["In light of our determination that the jurisdictional order must be reversed, the dispositional order placing the children outside mother's home and all subsequent orders as to mother must be reversed as well."].)

"'When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence.'" (*In re I.J.* (2013) 56 Cal.4th 766, 773.) Because we can affirm the juvenile court's finding of jurisdiction over Kalley if any of the statutory bases for jurisdiction is supported by substantial evidence (*ibid*.), we focus our discussion on count a-1, which was based primarily on Kalley's statements recounting physical abuse by Helena in November and December 2020, when Kalley was 11 years old.

The juvenile court sustained count a-1 as pleaded, finding: "[Helena J.] physically abused the child, Kalley. In December 2020, the mother struck the child with a broom, belt, and hangers, and bit the child's arm. The mother struck the child's

---

[2]     Helena's appeal from the jurisdiction findings relating to her daughter Kalena is addressed in Part E.

4

mouth, causing the child's mouth to bleed. On 11/11/2020, the mother bit the child, struck the child with a broom, pulled the child's hair, and struck the child's eye, mouth, nose, and head with the mother's fist, causing the child to sustain a bloody nose, bruising to the child's face, and a mark to the child's right forearm. On a prior occasion, the mother struck the child's foot with the mother's fist, pulled the child's hair, and kicked the child's eye. The child does not feel safe in the mother's care. Such physical abuse was excessive and caused the child unreasonable pain and suffering. The physical abuse of the child, Kalley, by the mother endangers the child's physical health and safety and places the child . . . at risk of serious physical harm, damage, danger, and physical abuse."

In sustaining count a-1 and declaring Kalley a dependent of the court, the juvenile court found, under the preponderance of the evidence standard, that Kalley had suffered, or there was a substantial risk she would suffer, "serious physical harm inflicted nonaccidentally upon the child by the child's parent or guardian." (§ 300, subd. (a).) The court explained, "I have gone back over the reports and I find the statements by the children are credible and the denials [by mother] are not," and ultimately found the allegations true.

On appeal, substantial evidence supports the juvenile court's jurisdiction findings. Kalley's statements about Helena's physical abuse that the juvenile court found credible included: Helena struck Kalley with a broom, belt, and hangers; bit Kalley's arm leaving a mark on her right forearm; struck Kalley's eye, mouth, and nose with her fist causing a bloody nose, black eye and "busted" lip; and pulled Kalley's hair. Kalley's statements were corroborated by her sister Kalena, who reported

5

she saw Helena strike Kalley's foot with her fist, pull Kalley's hair, and kick Kalley's eye. Kalley reported that Helena abused her for a long period of time.[3] In December 2020, Kalley called her godmother Ashley H. and told her about the abuse. Ashley called the children's maternal aunt Joanna M., who picked up the children, and Ashley ultimately took the children to live at their grandparents' home.

Several adult family members also reported injuries to Kalley caused by Helena's physical abuse. Joanna stated Kalley had "bruises on her eye" and a "busted" and "swollen" lip when she picked her up on December 13, 2020. Kalley told Joanna that Helena caused the injuries to her face. Kalley's godmother Ashley observed a "mark" on Kalley's cheek. Kalley's maternal grandfather and step-grandmother stated they saw photos of Kalley's "busted" lip and blackened eyes after an altercation between Kalley and Helena and personally observed Kalley had

---

[3] This case is unlike *In re Henry V.* (2004) 119 Cal.App.4th 522, on which Helena relies. Although the record provides no additional detail as to the length of time Kalley was abused by Helena outside of the incidents in late 2020, the evidence is substantial that the physical abuse here went beyond "a single occurrence" or isolated event. (See *id.* at p. 529 [findings insufficient to support out-of-home-placement under the clear and convincing evidence standard where mother's physical abuse "while substantial, was apparently a single occurrence, and neither the Agency nor the court considered it an obstacle to reunification in the near future"].) *In re Henry V.* also involved a disposition order of removal subject to the higher clear and convincing standard of proof than the jurisdictional finding challenged here.

6

some bruising when her godmother brought the children to their home.

Helena admitted physically restraining Kalley in November 2020 but denied ever physically disciplining Kalley.

Despite this evidence before the juvenile court, Helena contends jurisdiction was improper because Kalley purportedly was not at risk of current harm at the time of the adjudication hearing (in March 2022), because the incidents of abuse Kalley described occurred over a year earlier (in November and December 2020).  (See § 300.2 ["the purpose of the provisions of this chapter relating to dependent children is to provide maximum safety and protection for children who are currently being physically, sexually, or emotionally abused, being neglected, or being exploited, and to ensure the safety, protection, and physical and emotional well-being of children who are at risk of that harm"].)

The court did not err in finding jurisdiction on the record before it.  Helena's acts of physical abuse against Kalley, Kalley's statement that abuse occurred over a long period, and Kalley's ongoing fear and feelings of lack of safety in Helena's care amply supported the juvenile court's finding there was a substantial risk of current harm to Kalley.  The lack of more recent incidents of abuse does not help Helena, largely because Kalley had been living with her grandfather and step-grandmother since the December 2020 incidents.  "Although section 300 generally requires proof the child is subject to the defined risk of harm at the time of the jurisdiction hearing [citations], the court need not wait until a child is seriously abused or injured to assume jurisdiction and take steps necessary to protect the child [citation].  The court may consider past events in deciding

7

whether a child currently needs the court's protection. [Citation.] A parent's "'[p]ast conduct may be probative of current conditions" if there is reason to believe that the conduct will continue.'" (*In re Kadence P.* (2015) 241 Cal.App.4th 1376, 1383-1384.) Accordingly, substantial evidence supports the juvenile court's sustaining of count a-1 and the jurisdiction finding relating to Kalley.

C.    *Removal Order as to Kalley*

We next consider Helena's challenge to the juvenile court's removal order as to Kalley. The juvenile court held its disposition hearing for Kalley's case on April 14, 2022. It ordered Kalley removed from Helena based on the court's previous findings, including that statements regarding Helena's physical abuse were credible. The court placed Kalley with her father Cedric, who lived in Atlanta, Georgia. The court further found, by clear and convincing evidence, it posed a substantial danger to Kalley to return to Helena, reasonable efforts were made to prevent Kalley's removal, and Kalley would be safe with her father in Atlanta. The juvenile court found the conditions justifying its jurisdiction would not exist if Kalley were released to Cedric. It thus terminated jurisdiction, granted sole physical custody to Cedric, granted joint legal custody to both parents, and ordered monitored visits by Helena. Helena contends the record lacks substantial evidence for the juvenile court's finding that placing Kalley with Helena would pose a substantial danger to the child, and further argues the removal order should be reversed and the matter remanded so Kalley can be returned to Helena's custody. (§ 361, subds. (c), (d).)

8

Section 361, subdivision (c)(1), provides in pertinent part: "A dependent child shall not be taken from the physical custody of his or her parents . . . with whom the child resides at the time the petition was initiated, unless the juvenile court finds clear and convincing evidence . . . [¶] [t]here is or would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home, and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parent's . . . physical custody."

"When reviewing a finding that a fact has been proved by clear and convincing evidence, the question before the appellate court is whether the record as a whole contains substantial evidence from which a reasonable fact finder could have found it highly probable that the fact was true. In conducting its review, the court must view the record in the light most favorable to the prevailing party below and give appropriate deference to how the trier of fact may have evaluated the credibility of witnesses, resolved conflicts in the evidence, and drawn reasonable inferences from the evidence." (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1011–1012.)

The facts supporting jurisdiction also support removal of Kalley from Helena's physical custody. As noted above, the juvenile court found that Helena was physically abusive to Kalley, and that Kalley's and Kalena's statements about the abuse were credible, warranting removal. Helena also minimized and denied her physical abuse of Kalley, and the court found her statements not credible. On this record, a reasonable fact finder would have found it highly probable there were no reasonable means to protect Kalley's "physical health, safety, protection, or

9

physical or emotional well-being" other than by removal from Helena's physical custody.  Substantial evidence supports the court's finding that clear and convincing evidence existed for the removal order.

D.    *Visitation Order as to Kalley*

Finally, Helena contends the juvenile court erred by ordering monitored visitation but failing to set the minimum frequency and duration of her visits.  (See *In re C.S.* (2022) 80 Cal.App.5th 631, 639 [noting case law holds "it is impermissible for the court to authorize a third person, whether social worker, therapist or the child, to determine whether any visitation will occur"].)  We review the court's visitation order for abuse of discretion.  (*In re J.P.* (2019) 37 Cal.App.5th 1111, 1119.)  We find no error.

At the detention hearing in December 2021 the juvenile court ordered monitored visits for Helena three times a week for three hours each visit, which the Department of Children and Family Services (Department) could "liberalize."  At Kalley's disposition hearing in April 2022 the juvenile court ordered monitored visits for Helena with Kalley "as stated in the JV205 and/or JV206" Judicial Council forms included in the juvenile custody order.  We take judicial notice of the fact that the JV-205 form attached to the final custody order, filed April 28, 2022, specifies Helena is "to have monitored visits a minimum of three time[s] a week for three hours each visit.  Additional visits to be arranged by parents."[4]  In other words, the court clearly specified

---

[4]    Under section 362.4, when a juvenile court terminates jurisdiction over a case, it may "issue an order 'determining the

10

the frequency of visitation, and did not delegate it in any way, and it was identical to the schedule it ordered at the detention hearing. Under the circumstances, the juvenile court did not improperly delegate when and how Helena would get visitation, or otherwise abuse its discretion.

E.    *Helena's Appeal Relating to Kalena Is Moot*

As noted above, Helena also appealed from the juvenile court's March 14, 2022 jurisdiction findings and disposition order entered the same day declaring her younger daughter Kalena a dependent child of the court, removing her from Helena, and placing her with father Dushawnte S., with monitored visits by Helena. While this appeal was pending, in December 2022 the Juvenile Dependency Court of San Bernardino County[5] terminated jurisdiction as to Kalena, awarded primary physical custody of Kalena to Helena, and joint legal custody to both parents. On our own motion, we take judicial notice of the juvenile court's December 8, 2022 minute order and custody orders regarding Kalena. (See Evid. Code, §§ 452, subds. (c)-(d), 459.) Helena did not appeal from those orders.

---

custody of, or visitation with, the child,'" which "may be enforced or modified by the family court." (*In re Ryan K.* (2012) 207 Cal.App.4th 591, 594, fn. 5.) Such an order is "sometimes referred to as 'family law' orders or 'exit' orders." (*Ibid*.) We take judicial notice of the exit orders in this case under Evidence Code sections 452, subdivision (d), and 459.

[5]    Kalena's case was transferred to the Superior Court of San Bernardino County in June 2022 based on her father's legal residence within that county.

As this court explained in *In re Rashad D.* (2021) 63 Cal.App.5th 156, "termination of dependency jurisdiction does not necessarily moot an appeal from a jurisdiction finding that directly results in an adverse juvenile custody order.  But in most cases . . . for this court to be able to provide effective relief, the parent must appeal not only from the jurisdiction finding and disposition order but also from the orders terminating jurisdiction and modifying the parent's prior custody status.  Without the second appeal, we cannot correct the continuing adverse consequences of the allegedly erroneous jurisdiction finding." (*Id.* at p. 159.)  By not appealing the December 2022 custody orders, Helena "forfeited any challenge to those rulings, including the juvenile court's jurisdiction to issue them." (*Id.* at p. 167; accord, *In re Jose C.* (Oct. 9, 2023, B317838) __ Cal.5th ___ [2023 WL 6547667, at *1].)

Helena's appeal from the March 14, 2022 orders pertaining to Kalena is thus moot.  (See *In re D.P.* (2023) 14 Cal.5th 266, 276 [a case is moot when events render it impossible for the court to grant appellant meaningful relief]; accord, *In re Jose C., supra,* B317838) __ Cal.5th ___ [2023 WL 6547667, at *1].)

We invited the parties to file briefs addressing whether Helena's appeal from the orders relating to Kalena was moot, and if so, whether we should exercise our discretion to review these orders on the merits under *In re D.P., supra,* 14 Cal.5th 266.  (See *id.* at pp. 282-287 [detailing "nonexhaustive" factors court may consider in deciding whether to exercise discretionary review of a moot dependency appeal].)  Factors we consider when deciding whether discretionary review is warranted include, first, whether the challenged jurisdiction finding could impact current or future dependency proceedings (for example, by influencing a child

12

protective agency's decision to file a new dependency petition or a juvenile court's determination about whether to order further reunification services). (*Id.* at p. 285.) Second, "whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct." (*Id.* at pp. 285-286.) The "more egregious the findings against the parent, the greater the parent's interest in challenging such findings." (*Id.* at p. 286.) Third, a court may also consider "why the appeal became moot": "[p]rinciples of fairness" may favor discretionary review of cases rendered moot "by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal." (*Ibid.*) In deciding whether to exercise their discretion, reviewing courts "should be guided by the overarching goals of the dependency system: 'to provide maximum safety and protection for children' with a 'focus' on 'the preservation of the family as well as the safety, protection, and physical and emotional well-being of the child.'" (*Ibid.*; see § 300.2, subd. (a).)

The Department filed a letter brief stating its position that the appeal from the disposition orders regarding Kalley is moot, although the court could exercise discretion to consider the jurisdiction findings. Helena filed a letter brief requesting full consideration of the merits. Citing *In re D.P., supra,* 14 Cal.5th at page 285, Helena argues discretionary review is warranted here because she is "challenging a jurisdictional finding that 'can be considered by the Department in determining whether to file a dependency petition or by a juvenile court in subsequent dependency proceedings.'" Her argument is unavailing.

We decline to exercise our discretion to consider Helena's moot appeal of the orders pertaining to Kalena. Helena's appeal does not present circumstances that generally warrant

13

discretionary review of a moot case, such as an issue of broad public interest that is likely to recur, the likelihood of a recurrence of the controversy between the parties, or a material question that remains for the court's determination.  (See *In re D.P., supra,* 14 Cal.5th at p. 282.)  Helena's allegation of speculative future harm is insufficient (see *id.* at p. 278), and even if Helena were presented with a future dependency petition or family law proceedings, she will have the opportunity to explain that Kalena was returned to her custody at the disposition hearing, reflecting a court's determination that she did not pose a continuing risk to her child.

Further, the jurisdiction findings based on Helena's physical abuse of Kalena (premised on a single allegation that Helena struck Kalena with a belt) are not sufficiently "egregious" or "stigmatizing" conduct warranting exercise of our discretion to reach the merits.  While dependency jurisdiction by definition necessarily involves conduct harmful to children, our assessment of severity or perniciousness is a relative analysis.  We do not find the jurisdiction findings against Helena with regard to Kalena to be based on particularly stigmatizing or pernicious conduct such that our concerns over not insulating erroneous and stigmatizing jurisdiction findings from review would prompt us to review the merits in light of all other factors.  Therefore, on balance the factors the Supreme Court identified in *In re D.P.* do not warrant discretionary review of Helena's moot appeal of the orders relating to Kalena.

14

# DISPOSITION

The jurisdiction findings, disposition order, and custody order are all affirmed as to Kalley. The appeal from the jurisdiction findings and disposition order as to Kalena is dismissed as moot.


MARTINEZ, J.

We concur:


SEGAL, Acting P. J.


FEUER, J.

15